**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

KIMBERLY TEMPLE,

       Plaintiff,

v.

PENTAGROUP FINANCIAL, LLC, a Texas limited liability company,

       Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**VENUE**

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

**PARTIES**

7. Plaintiff, Kimberly Temple, is a natural person.

8. The Plaintiff resides in the City of Castle Rock, County of Douglas, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, Pentagroup Financial, LLC, is a Texas limited liability company operating from an address at 5959 Corporate Drive, Suite 1400, Houston, Texas, 77036.

11. The Defendant's registered agent in the state of Colorado is Irvin Borenstein, Esq. d/b/a Law Offices of Irvin Borenstein, 3025 S. Parker Road, Suite 711, Aurora, Colorado, 80014.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Capital One (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all further communication on the Account.

22. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

23. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

24. The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

25. The telephone call(s) and voicemail message(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

26. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

28. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

30. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

31. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that a civil complaint had been filed against her and that a lawsuit had been filed against her.

32. The representations stated in paragraph 31 were false and were false representations in connection with the collection of a debt, the Account.

33. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant did not intend to take any legal action against the Plaintiff.

34. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant did not have the authority to take any legal action against the Plaintiff.

35. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that they were filing a judgment against her.

36. The representation stated in paragraph 35 was false and was a false representation in connection with the collection of a debt, the Account.

37. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant did not intend to take a judgment against the Plaintiff.

38. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant did not have the authority to take a judgment against the Plaintiff.

39. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that they would garnish her wages.

40. The representation stated in paragraph 39 was false and was a false representation in connection with the collection of a debt, the Account.

41. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant did not intend to garnish the Plaintiff's wages.

42. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant did not have the authority to garnish the Plaintiff's wages.

43. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that would put a lien on her house.

44. The representation stated in paragraph 43 was false and was a false representation in connection with the collection of a debt, the Account.

45. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant did not intend to place a lien on the Plaintiff's house.

46. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant did not have the authority to place a lien on the Plaintiff's house.

47. The Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

48. The Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

49. The Defendant made audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action.

50. The Defendant has copies of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action.

51. The Defendant's copies of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

52. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute harassment or abuse and therefore violate FDCPA 1692d preface.

53. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(4), e(5), and e(10).

54. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

55. The Defendant's statement(s) and action(s) as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

56. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## **RESPONDEAT SUPERIOR**

57. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

58. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

59. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

60. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

61. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

62. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

63. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

64. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## **COUNT I, FDCPA VIOLATIONS**

65. The previous paragraphs are incorporated into this Count as if set forth in full.

66. The acts and omissions of the Defendant and its representative(s), employee(s) and / or agent(s) constitute violations of the FDCPA, including but not limited to § 1692d preface, § 1692e preface, e(2)(A), e(4), e(5), e(10) and § 1692f preface.

67. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    _s/ David M. Larson_____
    David M. Larson, Esq.
    405 S. Cascade Avenue, Suite 305
    Colorado Springs, CO 80903
    (719) 473-0006
    Attorney for the Plaintiff